**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

     *Petitioner*,                   CASE NO. 11-50218

*v.*                             DISTRICT JUDGE THOMAS LUDINGTON
                                MAGISTRATE JUDGE CHARLES BINDER

NELSON V. KEYES,

     *Respondent*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**PETITION TO ENFORCE IRS SUMMONS**
(Doc. 1)

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the petition be **GRANTED**.

**II.**     **REPORT**

     **A.**     **Introduction**

By order of United States District Judge Thomas L. Ludington, this Petition to Enforce Internal Revenue Service ("IRS") Summons was referred to the undersigned magistrate judge on March 3, 2011. (Doc. 3.) On March 7, Respondent was ordered to show cause why the IRS summons should not be enforced and a hearing was scheduled in the event that no written response was filed. (Doc. 5.) No written response was filed and the hearing was held on April 19, 2011. Respondent failed to appear at the hearing. Accordingly, I conclude that the matter is ready for report and recommendation. E.D. Mich. LR 7.1(f)(2).

**B.      Enforcement of Summons Standards**

"In order to ensure the proper determination of tax liability, Congress 'has endowed the IRS with expansive information-gathering authority.'" *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732 (6th Cir. 2006). "Under [26 U.S.C.] § 7602, the Commissioner of the IRS is authorized, '[f]or the purpose of ascertaining the correctness of any return . . . [t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry' and to summon any person to produce such documents." *Id.* at 733 (citations omitted). However, "[t]he courts, and not the IRS, are authorized to enforce this summons power." *Id.* "[F]or the government to establish a prima facie case for enforcement, it must demonstrate that (1) the investigation has a legitimate purpose, (2) the information summoned is relevant to that purpose, (3) the documents sought are not already in the IRS's possession, and (4) the procedural steps required by the tax code have been followed." *Id.* (citing *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1964)). "This requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982) (affirming enforcement of summons over taxpayer's objection that summons was issued in bad faith).

"Once the government has made this prima facie showing, the burden shifts to the party being summoned to either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *Monumental Life*, 440 F.3d at 733 (quoting *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981)).

**C.      Analysis & Conclusion**

In the instant case, the petition is supported by a declaration dated January 25, 2011, which was signed and made under penalty of perjury by Revenue Officer Jonathon V. Thomas of the Small Business/Self-employed Compliance Office of the IRS. (Doc. 1 at 8.)[1] The summons seeks records from Respondent for the tax years 2005, 2006, and 2007. (Doc. 1 at 7.) Although the summons required Respondent to appear on December 2, 2010, Respondent failed to so appear. (*Id.*) The IRS agent then sent a "last chance letter" to Respondent requesting that Respondent meet with the agent on January 6, 2011, but Respondent again failed to appear. (*Id.*) The declaration further states that the records sought are not already in the possession of the IRS. (*Id.*)

I suggest that the agent's declaration satisfies the government's prima facie showing; thus, the burden rests on Respondent to either disprove the elements of the prima facie case or show that enforcement would be an abuse of the court's process. *See Monumental Life, supra.* To date, Respondent has made no showing at all, let alone one that would disprove the government's prima facie case. I further suggest that, because the summons seeks records from only three tax years, it is not unduly burdensome and, because it seeks records that are not already in the possession of the IRS, it appears that there is a legitimate purpose to the investigative summons as required by *Davis*, 636 F.2d at 1037. Finally, there is nothing on the face of the summons that would indicate any abusive purpose.

**D.      Relief**

At the hearing, the government orally requested that Respondent be found in contempt of court and an arrest warrant be issued. The Court declines, however, to recommend that such action

---

[1]I note that a declaration that is signed, dated, and declared under penalty of perjury is the equivalent of an affidavit. *In Re Dana Corp.*, 574 F.3d 129, 150 (2nd Cir. 2009); *Lyons Trading, LLC v. United States*, No. 3:07-mc-13, 2008 WL 361533, at *5 n.1 (E.D. Tenn. Feb. 8, 2008); 28 U.S.C. § 1746.

be taken because to do so at this stage of the litigation would be an abuse of discretion. "Contempt power should not be used when a court order was issued solely to afford a taxpayer an opportunity to show why the IRS summons should not be enforced." *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982). "If the taxpayer fails to appear and present any defenses to the summons, the IRS petition followed by a show cause order should be treated like a complaint, and if the IRS establishes a prima facie case, the only consequence of the taxpayer's failure to appear should be enforcement of the summons." *Id.*

Accordingly, I recommend that an order enforcing the IRS summons be issued and that Respondent be warned that a failure to abide by the summons could subject Respondent to potential penalties, including contempt of court. *See Riewe*, 676 F.2d at 421 ("If the district court orders the summons enforced and the taxpayer still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon disclosures are warranted.") *See also* 18 U.S.C. § 401(3).

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: April 22, 2011

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Shane Waller, and served by first class mail on Nelson V. Keyes, P.O. Box 235, Beaverton, MI 48612.

Date:  April 22, 2011                     By     s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder